KACHELE, Appellee,

v.

KACHELE, Appellant.

[Cite as *Kachele v. Kachele* (1996), 115 Ohio App.3d 609.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70491.

Decided Nov. 18, 1996.

*Newman, Leary & Brice* and *A. P. Leary,* for appellee.

*Harry J. Jacob III,* and *Joseph A. Pfundstein,* for appellant.

O'DONNELL, Judge.

Jacyn L. Kachele, an Ohio resident, appeals from a judgment of the Cuyahoga County Domestic Relations Court denying her motion to modify an existing state

of Virginia decree granting custody of her daughter Danielle to Lawrence S. Kachele, a resident of Hawaii.

On July 14, 1989, the parties and the minor children involved in this action resided in the state of Virginia. On that day, the court entered a decree of divorce in which it granted custody of the parties' two minor daughters, Danielle (DOB 12/12/79) and Kristen (DOB 1/14/85), to Jacyn Kachele, appellant herein. Appellant subsequently relocated to Solon, Ohio, with her two daughters, and appellee, Lawrence Kachele, continued to reside in Portsmouth, Virginia, where he maintained his position as a warrant officer in the United States Coast Guard. Because appellant denied him visitation, appellee filed contempt proceedings in the Virginia court, and, in response, appellant filed the Virginia decree in Ohio trying to modify the visitation rights. The Virginia court found appellant in contempt and actually changed custody of both children to appellee on December 23, 1991. Thereafter, on July 31, 1992, the Ohio court denied the motion to modify custody due to lack of jurisdiction.

Appellant next filed a motion to change custody in the Virginia court, and after a hearing on August 30, 1993, the Virginia court awarded custody of Kristen, the younger daughter, to appellant, but retained appellee as custodian of Danielle.

Subsequently, in June 1994, when he learned that the Coast Guard was transferring him to Honolulu, Hawaii, appellee filed a notice of relocation in the Virginia court, and obtained a termination of his child support obligation as to Kristen, who lived in Ohio. Then, on July 12, 1994, he and Danielle relocated to Hawaii.

Subsequent to appellee's move to Hawaii, appellant filed the instant action in the Cuyahoga County Domestic Relations Court seeking to have the Ohio court modify the Virginia court order which granted custody of Danielle to appellee. Appellant also filed a motion in Virginia seeking to have that court vacate its order which terminated appellee's obligation to pay child support for Kristen.

On March 27, 1995, the Ohio court denied the motion to modify the custody order relating to Danielle, and, subsequently, appellant withdrew her motion to vacate the child support order in Virginia.

Jacyn Kachele now appeals the denial by the Ohio court of her motion to modify the September 10, 1993 order of the Virginia court which granted custody of Danielle to Lawrence Kachele, and she assigns the following error for our review:

"The trial court erred in denying defendant-appellant's motion to modify foreign decree, as this court has jurisdiction under the Uniform Child Custody Jurisdiction Act."

Appellant argues that the provisions of the Uniform Child Custody Jurisdiction Act ("UCCJA") as set forth in R.C. 3109.22(A)(4) establish connections with Ohio

which are equal or superior to those of Virginia and far superior to those of Hawaii and therefore maintains that Ohio should have exercised its jurisdiction in this case. Appellee, however, maintains that the Virginia court already has jurisdiction of this case in conformity with the UCCJA and argues alternatively that if Ohio has jurisdiction it should be declined because Ohio is an inconvenient forum pursuant to R.C. 3109.25.

The issue then, which appears to be a matter of first impression in Ohio, is whether the Ohio court should have exercised jurisdiction to modify a Virginia custody order relating to the elder child of the parties where the unique facts reveal that the mother and the younger child reside in Ohio, the father and the older child reside in Hawaii, and neither parent has any current contact with Virginia, where the decree originated.

The Ohio Supreme Court stated the objective of the UCCJA in *State ex rel. Aycock v. Mowrey* (1989), 45 Ohio St.3d 347, 544 N.E.2d 657:

"The purpose of the UCCJA is to avoid jurisdictional conflict and to promote cooperation between state courts in custody matters so that a decree is rendered in the state that can best decide the best interest of the child. Annotation, Validity, Construction, and Application of Uniform Child Custody Jurisdiction Act (1979 [1980]), 96 A.L.R.3d 968, 973." *Id.* at 349, 544 N.E.2d at 660.

In Ohio, the UCCJA is codified in R.C. 3109.21 through 3109.37.

R.C. 3109.22 sets forth the bases upon which a court can accept a matter for resolution:

"(A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:

"(1) This state is the home state of the child * * *.

"(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state * * *.

"(3) The child is physically present in this state and either has been abandoned or it is necessary in an emergency to protect the child * * *.

"(4) It appears that no other state would have jurisdiction * * *."

Furthermore, R.C. 3109.31 provides criteria for an Ohio court to modify a foreign decree and states, in part:

"(A) If a court of another state has made a parenting decree, a court of this state shall not modify that decree, unless it appears to the court of this state that the court that rendered the decree *does not now have jurisdiction* under jurisdictional prerequisites substantially in accordance with sections 3109.21 to

3109.36 of the Revised Code, or *has declined to assume jurisdiction* to modify the decree, and the court of this state has jurisdiction." (Emphasis added.)

Here, appellant seeks to have the Ohio court exercise its jurisdiction to change the Virginia custody order regarding her older daughter, Danielle, who lives in Hawaii. Under this theory, since Danielle has now resided in Hawaii for six months, appellee could also seek on order from a Hawaii court to change the same Virginia custody order regarding his younger daughter, Kristen, who lives in Ohio. Such circumstances only encourage prolonged multistate litigation, do not promote judicial economy, and are to be discouraged as a kind of forum shopping.

Because we consider the factors listed in R.C. 3109.22 as they relate to Danielle, we note that Danielle's home state is not Ohio, it is not in her best interests to have Ohio invoke its jurisdiction, and she is neither physically present in Ohio nor has she been abandoned here. These positions are conceded by the appellant. However, under the fourth factor, since Virginia has jurisdiction to enforce its validly entered court orders regarding custody and child support, it also presumably has continuing jurisdiction to modify those orders and therefore appears to have jurisdiction in this case. This is also appropriate from the standpoint of judicial economy, since the Virginia court has presumably done the necessary background work and has identifiable familiarity with the case, the parties, and the children. Further, appellant recognized this when she sought to vacate termination of Kristen's child support payments in the Virginia court subsequent to her filing in Ohio and subsequent to appellee's relocation to Hawaii.

Further, since the state which made the parenting decree, Virginia, has jurisdiction in this case and because the record before us does not indicate that Virginia has declined to assume jurisdiction to modify its own order, Ohio, necessarily, must decline appellant's request to modify the foreign decree in accordance with R.C. 3109.31, which mandates that Ohio not modify an existing decree under these circumstances.

Thus, in conformity with the UCCJA, we conclude that the domestic relations court in Ohio does not have jurisdiction to make a parenting determination relative to Danielle Kachele because the Virginia court has that jurisdiction and has not declined to exercise it. Accordingly, we do not reach the issue whether Ohio is an inconvenient forum.

Based on the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., and DYKE, J., concur.